**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                        No. 1:17-cr-01235-WPJ

CORNELIUS GALLOWAY, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING CORNELIUS GALLOWAY'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Cornelius Galloway's Appeal of Detention Order, filed November 21, 2017 (**Doc. 108**). The Court directed Pretrial Services to update the Pretrial Services report and then directed Defendant to proffer evidence that shows he could rebut the presumption of detention. *See* **Docs. 124, 158**. This matter was fully briefed on February 16, 2018. Upon reviewing the pretrial services report, the briefing, and Defendant's proffer, the Court finds that Defendant's appeal is not well taken and is therefore **DENIED**.

### BACKGROUND

On November 15, 2017, a grand jury returned a second superseding indictment charging Defendant with conspiracy, three counts of sex trafficking by means of force, threats, or coercion, and sex trafficking of a minor. **Doc. 103.** The charge of conspiracy pursuant to 18 U.S.C. § 371 includes as overt acts the murders of D.Y. and T.S.

Defendant appeared at a detention hearing before the Magistrate Judge William Lynch on May 22, 2017. Defendant waived his right to a detention hearing and agreed to be detained, but reserved the right to petition the court to review his detention. *See* **Doc. 27.** Magistrate Judge

Lynch found that Defendant knowingly and voluntarily waived his right to a detention hearing and agreed to be detained. **Doc. 150.** The waiver and detention ordered were filed that same day.

In his Notice of Appeal, Mr. Galloway requested an evidentiary hearing. **Doc. 108** Defendant sought to cross-examine two detectives on the evidence connecting the defendant to the two murders.[1] Defendant asserts this evidence falls under two of the statutory factors in the Bail Reform Act, the "nature and circumstances of the offense" and "weight of the evidence." Defendant requested release to the La Pasada Halfway House, and agreed to electronic monitoring.

After conducting a status conference on December 14, 2017, the Court ordered Pretrial Services to update the Pretrial Services Report. Since it was unclear how Defendant intended to rebut the presumption, the Court also ordered Defendant to proffer the evidence he would present at a hearing. Pretrial Services filed an updated Pretrial Services Report on January 2, 2018. In his supplemental brief filed on January 26, 2018, Defendant detailed the evidence he intended to elicit at the cross examination of Detective Matthew Volmer and Detective Jodi Gonterman. This matter was fully briefed on February 16, 2018.

## DISCUSSION

### I. Hearing on Notice of Appeal pursuant to 18 U.S.C. § 3145(b).

Defendant filed a Notice of Appeal of the detention order. A district judge reviews an appeal of a detention order pursuant to 18 U.S.C. § 3145(b).[2] There is no statutory requirement

---

[1] The Government alleges that Defendant participated in a conspiracy to kill D.Y., because D.Y.'s activities "ran contrary to the objectives of the Galloway Organization." *See* **Doc. 103.** The Government also alleges that Defendant ordered the murder of T.S., a woman he had forced to perform commercial sex acts, because she was a liability to the conspiracy. *Id.*

[2] Defendant did not cite to a statute, but acknowledges that this matter is before the Court on an appeal of a detention order. This means the Court reviews the detention order pursuant to §

to hold a hearing on an appeal pursuant to § 3145. Moreover, the Federal Rules of Evidence do not apply to a detention hearing. Fed. R. Evid. 1101(d).

Generally, a district judge has the discretion to determine how to hear evidence or whether to hold a hearing pursuant to § 3145. *United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003) ("Although in conducting her de novo review Judge Armijo considered the evidence submitted during the Arizona hearing, she also held her own hearing to consider new evidence from the parties, as was her prerogative."); *see also United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) ("[The District Court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate."); *United States v. Dominguez*, 783 F.2d 702, 708 n.8 (7th Cir. 1986). This includes the discretion to hear a proffer. *See, e.g., United States v. Bustamante-Conchas*, 557 F. App'x 803, 804 n.1 (10th Cir. 2014) (detention determination made on assertions of parties without testimony or evidence). "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." *Cisneros,* 328 F.3d at 616 n. 1.

The Court finds this matter is a fishing expedition and without merit. Defendant primarily wishes to test the Government's evidence of his involvement in the murder charges through cross-examination of the detectives. The Court will not hold a hearing for that purpose. As explained below, since his proffer does not tend to rebut the presumption, and the

---

3145(b). *See United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003). Magistrate Judge Lynch has since retired, therefore it appears the vehicle of § 3142(f) is not available. *Id.* at 615.

Government otherwise carried its burden of persuasion on the undisputed evidence, the Court declines to hold a hearing.

## II. __Rebuttable Presumption.__

### A. Rebuttable Presumption Arises.

Count 6 of the Second Superseding Indictment (**Doc. 103**), sex trafficking of a minor (18 U.S.C. § 1591(b)(2)), establishes a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Defendant admits the rebuttable presumption applies.

It is Defendant's burden to produce evidence to rebut the presumption. *See United States v. Stricklin,* 932 F.2d 1353, 1354–55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id* at 1354. *See also United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) ("The presumption is "rebutted" when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met... the presumption remains in the case as an evidentiary finding militating against released, to be weighed along with other evidence relevant to factors listed in 3142(g).").

### B. Defendant's Proffer Fails to Rebut Presumption.

While Defendant's burden of production is not heavy, the defendant has the burden of producing relevant evidence that he will not flee or endanger the community. Defendant's proffer primarily addresses the tangential issue of his involvement in the overt acts of murder,

but does not tend to address his dangerousness to the community or his risk of flight. The sex trafficking crimes remain largely unrebutted, and the information in the pretrial services report also remains unrebutted. Meanwhile, he admits to being a pimp and beating at least one prostitute to get his money.

Defendant also expresses doubts as to whether the Government has sufficiently proved he trafficked a minor pursuant to 18 U.S.C. § 1591(b)(2), but a grand jury indicted him and found probable cause that he did. *See, e.g., United States v. Zaghmot*, 232 F.3d 903, 2000 WL 1678396 (10th Cir. 2000) (unpublished) ("In light of the grand jury indictment, Zaghmot's attack on the evidence of his involvement in the conspiracy has little bearing on the bail determination.").

Defendant's proposed evidence comes from a cross-examination of two detectives. Defendant focuses on the lack of evidence connecting him to the murder of D.Y. and T.S. Based on the proffer, the proposed cross-examination appears to be a fishing expedition on a tangential issue of the alleged murders, which is not sufficient in itself to rebut the presumption of dangerousness or risk of flight. Moreover, the proffer does little to address his involvement in the sex trafficking crimes, or the undisputed evidence of his criminal history in the Pretrial Services Report.

Defendant also argues that he is not a flight risk, because he is a family man, has three children and has lived in Albuquerque since 2009 It is unclear whether his children currently reside in New Mexico, or with their mother. The Court finds that this evidence is not sufficient to rebut the presumption that Defendant is a flight risk. The Court notes that Defendant has an extensive criminal history, which includes multiple charges of domestic violence. The domestic violence charges included allegations that he committed at least one assault and battery in front of his children. Under these facts, the Court is not prepared to say that the mere recitation that he

is a family man is sufficient to rebut the presumption that he is a flight risk. Moreover, Defendant's admission that he was a pimp and beat a prostitute seems totally inconsistent with Defendant's contention that he is worthy of release because he's a family man and the father of three children.

The Court finds that the Defendant has failed to rebut the presumption that no conditions will reasonably assure the appearance of the Defendant and the safety of the community.

### III. 18 U.S.C. § 3142(g) Factors.

Even if Defendant had overcome the presumption, considering the § 3142(g) factors, the Court finds that the Government proved by a preponderance of the evidence that Defendant is a flight risk, and established by clear and convincing evidence that no conditions would assure the safety of the community.

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds that "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community…." In making this determination, the court must consider the following factors:

> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including—
>     **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  *See also United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003);

*United States v. Begay*, 315 F. App'x 53, 54 (10th Cir. 2009).

    A.    <u>Nature and Circumstances of the Crimes.</u>

These crimes are severe.  Defendant is charged with three counts of sex trafficking, with a possible sentence of 15 years.  *See* 18 U.S.C. § 1591(b)(1).  Defendant is also charged with sex trafficking of a minor, with a sentencing range of ten years to life.  18 U.S.C. § 1591(b)(2). Defendant is accused of beating one victim with a backscratcher, using an extension cord on at least one victim, and locking one victim in a dog cage.  These women allegedly engaged in commercial sex acts to avoid beatings.  Defendant's proffer does little to rebut the seriousness of these charges.  The seriousness of these charges, and the possible prison length, weigh in favor of finding that Defendant is a flight risk and dangerous to the community.

    B.    <u>Weight of the Evidence</u>.

Defendant argues that the evidence of his involvement in a conspiracy and the murder of D.Y. and T.S. is weak.  Even assuming this is true, the evidence against him for sex trafficking appears to be strong.  Defendant admits to being a pimp, and in his brief admits he hit one woman with a back scratcher to get her to pay him.  Defendant appears to argue that these women were already prostitutes without his influence, or that he did not use force or coercion to get them to engage in commercial sex acts.   This is belied by his admission of using force on at least one prostitute to get her to pay him.  Under any standard, Defendant's admitted conduct constitutes a danger to the community.

    C.    <u>History and Characteristics of the Defendant.</u>

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial

resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Based on the pretrial services report (**Doc. 134**), Defendant has a history of admitted gang association, drug possession and use, failure to appear at court hearings, and failure to comply with supervision. Defendant has ties to Tulsa, Oklahoma, which he claims to have left to escape gang life.

Moreover, Defendant tends to be charged with crimes while under court supervision. For example, in 2002, Defendant was convicted of burglary. Defendant's probation was revoked because he was convicted of domestic assault and battery. Defendant was also noncompliant with supervision by testing positive for marijuana, cocaine, PCP, methamphetamines, violating curfew, and failing to attend counseling. Defendant's probation in that case was revoked a second time.

While on supervised release before this Court for a felon in possession of a firearm conviction, Defendant tested positive for cocaine or methamphetamine three times. He was charged with domestic assault or battery during his supervision. After he completed supervision, he was charged with another instance of domestic battery or assault. Although his supervised release was not revoked, Defendant was less than successful under supervision.

These crimes are especially disturbing because Defendant has been accused of (and admitted to at least one instance of) beating women in this case. Defendant generally does not dispute these facts, but argues his failures to appear in New Mexico state court were based on lack of notice, and were not willful. This lack of notice, however, does not explain all of Defendant's failures to appear.

Defendant's above history and characteristics also indicate that he poses a significant risk of committing more crimes if released, even if he was placed at the La Pasada Halfway House. *See, e.g., United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (risk that defendant will continue to commit crimes constitutes a danger to the community), *cited in United States v. Acosta-Tavera*, 697 Fed. Appx. 927, 930 (10th Cir. 2017). This factor weighs heavily towards finding that no conditions of release will assure the safety of the community.

Defendant argues that he has three children living in Albuquerque, and he is less of a flight risk because of his family ties. Both he and his wife are currently in custody, and it is unclear where his children are residing. The Court agrees with the Government that, based on how he treats his family, this fact does not weigh towards release. Defendant's 2002 conviction for Domestic Battery and Assault was initially charged as being in the presence of a minor. The undisputed facts of Defendant's history and characteristics in the pretrial services report supports a finding, by the preponderance of the evidence, that Defendant is a flight risk.

> D. <u>Nature and Seriousness of the Danger to the Community</u>.

"The concern about safety is to be given a broader construction than the mere danger of physical violence." *United States v. Gilliard*, No. 17-3274, 2018 WL 660152, at *3 (10th Cir. 2018). "Safety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.' *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (quoting Comprehensive Crime Control Act of 1984, Senate Report No. 98-225, at 3195.).

As noted above, there is a strong possibility that Defendant will continue to commit crimes while on release. Defendant's criminal history and the current allegations against him

involve serious crimes of violence against women, and coercion of women to engage in commercial sex acts.

There is a significant chance Defendant will commit more crimes, whether or not he is supervised. Thus, the Court finds that release to the La Pasada Halfway House will not assure the safety of the community.

Moreover, even if Defendant had satisfied his burden of production in rebutting the presumption, the presumption weighs as a strong evidentiary finding that no conditions of release would assure defendant's appearance and the safety of the community.

## CONCLUSION

The Court concludes that Defendant failed to rebut the presumption. Even if he had, the Court finds that, by a preponderance of the evidence, the Government has met its burden of establishing that no conditions of release will assure Defendant's appearance. Moreover, the Court finds and concludes that the Government, by clear and convincing evidence, has met its burden of showing that no conditions will reasonably assure the safety of the community. Therefore, Defendant's appeal of the order of detention is **DENIED**. The Defendant shall remain in the custody of the United States Marshal pending trial or further order of the Court.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE