IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cr. No. 17-1235 WJ |
| **MATTHEW WOODS**, | ) ) ) |
| Defendant. | ) |

**UNITED STATES' MOTION IN LIMINE TO BAR EVIDENCE
REGARDING THE SEXUAL HISTORY OF VICTIMS AND TO
EXCLUDE EVIDENCE OFFERED TO PROVE THE VICTIMS' SEXUAL
PREDISPOSITION PURSUANT TO FEDERAL RULE OF EVIDENCE 412**

The United States of America, through undersigned counsel, moves *in limine* and respectfully asks the Court to issue an order prohibiting the use of "other acts" evidence associated with the minor and adult victims. For the reasons explained below, the government respectfully requests that the Court preclude the defense from raising these matters at trial, in any manner, including voir dire, during opening statement, witness examination, the introduction of exhibits, and closing argument.

**PROCEDURAL STATEMENT**

1. On December 3, 2019, a federal grand jury returned a fourth superseding indictment, charging the Defendant with Conspiracy to Commit Sex Trafficking pursuant to 18 U.S.C. 1594(c), three counts of Sex Trafficking by Means of Force, Threats, Fraud and Coercion, pursuant to 18 U.S.C. § 1591(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, two counts of Sex Trafficking a Minor pursuant to 18 U.S.C. 1591(a) and (b)(2) and Aiding and Abetting, Attempted Sex Trafficking by Means of Force, Threats, Fraud, and

1

Coercion, pursuant to 18 U.S.C. 1594(a), and Obstruction pursuant to 18 U.S.C. 1591(d).  Doc. 380.  A jury trial is scheduled to begin May 10, 2021

The government now moves *in limine* for an order prohibiting defense counsel from seeking to elicit, from any witness, evidence offered to prove that the victim engaged in other sexual behavior, including any pre and post-offense sexual conduct, or any other evidence designed to show the alleged sexual predisposition of the victim in this case.

## FACTUAL STATEMENT[1]

Each of the victims the United States intends to call at trial were trafficked by the Defendant in his role in the Galloway Organization.  Some of the victims in this case were likewise trafficked by other individuals, or worked as prostitutes on their own, before and/or after they were trafficked by Defendant. Some victims had sexual experiences before and after meeting Defendant. For example, TS is thought to have been trafficked by someone else prior to her involvement with the Galloway Organization.  It is also believed that toward the end of her life, she was trafficked or pimped by other individuals who are not the charged co-defendants in this case. Additionally, Juvenile J is believed to have engaged in prostitution subsequent to her involvement with the Galloway Organization.

Pursuant to Federal Rules of Evidence 412, 403, and 401, the government moves to preclude Defendant from making arguments or offering evidence about any victim's sexual history, including whether a victim worked as a prostitute before or after Defendant trafficked her, and because they had already engaged in prostitution, or continued to engage in prostitution, the Defendant could not have forced or coerced them to perform commercial sex in this case.

---

[1] The facts set forth in this motion are the limited facts relevant to the argument presented.

# ARGUMENT

**I.      Rule 412 Generally**

As an initial rule, should a Defendant seek to present evidence of a victims sexual behavior or predisposition, they must (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered, (B) do so at least 14 days prior to trial unless the Court for good cause sets a different time, (C) serve the motion on all parties, and (D) notify the victim, or when appropriate, the victim's guardian or representative.  FRE 412(c).  The Defendant has satisfied none of these prerequisites.  The United States does not wish to be surprised at trial with such arguments, and asks any evidence or argument based on such evidence be explicitly prohibited.

Federal Rule of Evidence 412 exists as a protection against the admission of irrelevant and prejudicial evidence in trial involving allegations of sexual misconduct, including Sex Trafficking and Transportation for prostitution cases. Federal Rule of Evidence 412(a) reads as follows:

> **"Prohibited Uses.** The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> (1) evidence offered to prove that a victim engaged in other sexual behavior; or
>
> *(2) evidence offered to prove a victim's sexual predisposition.*

This rule has carefully carved exceptions, designed to balance a victim's right to be treated with fairness and dignity against a defendant's right to present a defense. First, a defendant may present evidence of the victim's sexual conduct with another person *if there is biological evidence that points to another person as the source of that evidence* (F.R.E. 412(b)(1)(A)). For instance, if semen was found inside of a rape victim, and the semen did not match the

3

defendant, he could present otherwise inadmissible evidence that someone else had sexual contact with the victim and was the real source of the semen and, therefore, the true perpetrator. This is not applicable to this case.

Secondly, a defendant may present evidence that the defendant had *prior consensual sexual contact with the victim* (F.R.E. (b)(1)(B)). For instance, if a husband alleged that his wife had sexually assaulted him, a Court would likely permit the wife to present evidence or prior consensual sexual acts with her husband to disprove the elements of forcible sexual contact.

Finally, evidence of specific instances of conduct may not be excluded *if the result would be to deny a criminal defendant the protections afforded by the Constitution.* (F.R.E. 412 (b)(1)(C)). For example, where a man accused of rape asserted that he had a consensual encounter with the victim and that the victim was only accusing him of rape to protect her relationship with a man she lived with, the defendant was permitted to admit evidence that the victim lived with another man and, therefore, had a strong motive to fabricate. *Olden v. Kentucky*, 488 U.S. 227, 232-233 (1988)).

Each F.R.E. 412(b) exception still must undergo the F.R.E. 401 / 403 balancing test to determine whether the evidence is both relevant and if the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The defendants should be prohibited from seeking to admit prior or subsequent acts of prostitution to then argue that the victims were not forced or coerced, and that they would have engaged in prostitution regardless of any force, threats, fraud or coercion.

### A. The First Two Exceptions to Rule 412 are Inapplicable

In the interest of being thorough, the exceptions enumerated in (A) and (B) do not apply to this case. Exception 412(b)(1)(A) is not applicable because while the government intends to present evidence that the Defendants raped some of the victims, there will be evidence that the women engaged in sex with other men as they were forced and coerced to engage in prostitution. Therefore, reliance on (A) is misplaced and doesn't fit the facts. Furthermore, as it relates to AR, male DNA was found in her SANE kit, however there was not enough to obtain a DNA profile. Therefore, exception (A) does not apply.

Similarly, the exception in 412(b)(1)(B) for evidence offered to "prove consent" does not apply here. 412(b)(1)(B) applies to the victim's sexual acts *with the Defendant* – not sexual acts with others for the Defendant's financial benefit. In *United States v. Mack*, the Sixth Circuit explained that "[t]he 'consent' exception on which [Defendant] relies refers to 'specific instances of a victim's sexual behavior with respect to the person accused." *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015). The Defendant in *Mack* argued that 412(b)(1)(B) applied to evidence that the victims had 'consented' to acts of prostitution, but the court disagreed: "The evidence defendant sought to introduce did not relate to him and therefore does not fall within the scope of Rule 412(b)(1)(B)." *Id*.

### B. Exclusion of Evidence Under Rule 412 Does Not Violate the Defendant's Constitutional Right to Present a Defense

Although defendants have a constitutional right to present a defense, that right does not extend to irrelevant evidence. *United States v. Sarras*, 575 F.3d 1191, 1213 (11th Cir. 2009) ("While the Constitution unquestionably provides a defendant with the right to be heard, this right is not unbounded."); *Elbert*, 561 F.3d at 777 ("The Confrontation Clause only requires admission of probative evidence."); *Doe v. United States*, 666 F.2d 43, 47 (4th Cir. 1981) ("[A]n accused is

5

not constitutionally entitled to present irrelevant evidence."); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Nor is a defendant's "right to present relevant [evidence] . . . not without limitation." *United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). "[T]rial judges retain wide latitude . . . to impose reasonable limits on [testimony] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)); *see also* Fed. R. Evid. 403 (providing discretion to exclude relevant evidence that is unfairly prejudicial). "Limitations on a defendant's constitutional right to present evidence are permissible unless they are 'arbitrary or disproportionate to the purposes they are designed to serve.'" *Culver*, 598 F.3d at 749 (quoting *Michigan v. Lucas*, 500 U.S. 145, 151 (1991)).

The protections afforded by Rule 412 extend to victims of sex trafficking. *United States v. Williams*, 564 F.App'x. 568, 575-77 (11th Cir. 2014) (unpublished) (applying Rule 412 to sex trafficking prosecution); see also *United States v. Valenzuela*, 495 F. App'x. 817, 819 (9th Cir. 2012) (unpublished); see also *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012); see also *United States v. Elbert*, 561 F.3d 771, 776-78 (8th Cir. 2009); *United States v. Anderson*, 139 F.3d 291, 303 (1st Cir. 1998) ("We fail to see how evidence of prostitution outside the offense conduct would have any probative value regarding the truthfulness of the two girls."); *United States v. Jackson*, No. 1:13-CR-246, 2014 WL 1660062, at *2 (W.D. Mich. Apr. 25, 2014) ("Evidence that the [victims] engaged in prostitution for other pimps or on their own does not address any elements of the offense with which Defendant is charged in the Indictment.")

Evidence that a victim engaged in prostitution before or after her encounter with a defendant constitutes evidence of "other sexual behavior" or alleged "sexual predisposition" and

6

is therefore inadmissible. *See, e.g.*, *Williams*, 564 F.App'x. at 575 (excluding evidence of victims' acts of prostitution that occurred after the defendant's arrest); *Valenzuela*, 495 F.App'x. at 819 (excluding evidence of victims' prostitution acts that occurred before the defendants recruited them). Accordingly, Defendants are normally prohibited from questioning the victims about prostitution activity that occurred before or after they encountered Defendant.

Furthermore, it is impermissible to allow Defendant to argue that because the victims engaged in prior prostitution activities, that they per se could *not* have been forced or coerced by the Defendant in this case. This argument is contrary to law. The fact that some of the victims may have engaged in prostitution outside the pertinent time frame does not make it any more or less likely that the Defendant compelled them to prostitute during the dates alleged in the indictment.[2] *See Williams*, 564 F.App'x. at 577 ("We agree with the court below that the girls' involvement in prostitution after [the defendant's] arrest bears no relevance to the criminal activity perpetrated by [the defendant].") Put simply, consent in one situation does not equate to consent in the other. *See Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993) ("[A] woman's consensual sexual activities with certain individuals in no way imply consent to similar activities with others."); *United States v. Saunders*, 943 F.2d 388, 392 (4th Cir. 1991) ("[I]t is intolerable to suggest that because [a] victim is a prostitute, she automatically is assumed to have consented with anyone at any time."). Regardless of what the victims had been through in a prior time in their lives, and what they may have endured after their victimization, it is still a crime for the Defendant to recruit, entice, harbor, transport, provide, or obtain them knowing that force, fraud, or coercion would be used to cause them to engage in prostitution. The key issue in this case is whether the Defendant acted with the

---

[2] To be sure, under the forced labor statute, 18 U.S.C. § 1589, a person's prior or subsequent employment as a farmhand has no bearing on whether a defendant had previously compelled that person to labor on a farm.

knowledge that force, fraud, or coercion would be used to cause the victims to engage in prostitution, not who may have done the same thing to them prior to meeting the Defendants.

Furthermore, the United States does not have to prove that the Defendants are the ones who introduced each woman to prostitution. To prove the defendants guilty of sex trafficking, the United States only needs to prove that the defendants' knew that forceful, fraudulent, threatening, and coercive conduct would be used to cause the victims to engage in prostitution during the time-frame alleged in the indictment. "Put another way, whether the victims 'engaged in acts of prostitution before or after their [alleged] encounters with [the Defendant] … would only prove *other* people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act." *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009).

In *United States v. Cephus*, the Seventh Circuit addressed this issue. In that case, the defendant wanted to introduce evidence that Cassandra, an adult victim, had worked voluntarily as prostitute before she was prostituted by the defendant. *Cephus*, 684 F.3d at 708. The evidence was excluded pursuant to Rule 412. *Id*. On appeal, the Seventh Circuit affirmed the exclusion of the evidence, stating:

> [The defense] wanted to suggest that having already been a prostitute [Cassandra] would not have been deceived by Cephus and therefore her testimony that she was coerced into working for him—an element of one of the charged offenses when the prostitute is not a minor, 18 U.S.C. § 1591(a)—should be disbelieved. But the testimony sought to be elicited by cross-examination would have been irrelevant. Even if no promises were made to Cassandra, this would not be evidence that she consented to be beaten and to receive no share of the fees paid by the johns she serviced. And even if she knew going in, from her prior experience, that Cephus probably would beat her, it was still a crime for him to do so. And finally the fact that she'd been a prostitute before does not suggest that he didn't beat and threaten her—that was his *modus operandi* and there's no evidence that he would have made an exception for Cassandra.

8

*Id*.

To be clear, there is no causation requirement for 18 U.S.C. § 1591. Therefore, any argument that any victim was already a "prostitute," and therefore they could not have been forced and coerced, etc. to engage in prostitution is misplaced and irrelevant. This logic is based in fallacy, and cannot be supported by case law or common sense. Rather, several courts have explained that there is no requirement that the United States prove but-for causation.

In *United States v. Chang Ru Meng Backman*, 817 F.3d 662 (9th Cir. 2016), the defendant appealed her conviction arguing that the jury instructions were erroneous because they did not require a "but-for causation" pursuant to *Burrage v. United States*, 134 S.Ct. 881 (2014) (requiring proof of but-for causation to sustain a conviction for drug distribution when death or serious bodily injury results from the use of such substance). The Ninth Circuit declined to find error in the jury instructions because causation is not an element in a § 1591(a) prosecution, because a commercial sex act need not even occur. *Id*., at 666. "Case law makes clear that 'commission of a sex act or sexual contact' is not an element of a conviction under 18 U.S.C. § 1591." *Id., citing United states v. Hornbuckle*, 784 F.3d 549,553 (9th Cir. 2015). "What the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future coerce a prostitute to engage in prostitution." *Id. citing United States v. Brooks*, 610 F.3d 1186, 1197 n.4 (9th Cir. 2010). Therefore, if a specific commercial sex act is not an element, then causation cannot be an element either.

The Second Circuit has also adopted this rationale, and while unpublished, *United States v. Alvarez*, 601 Fed. Appx. 16 (2nd Cir. 2015) contains a more in-depth analysis of this conclusion. In *Alvarez*, the defense appealed also on grounds that because *Burrage* required but-

9

for causation, so too should a sex trafficking conviction. The Second Circuit noted that neither § 1591 nor § 2422(a) (transportation for prostitution) specify a necessary result. *Id*., at 18. "The sex trafficking statute criminalizes certain means when they are 'used to cause' an act, and thus is concerned with the means and not the result. The result itself is not an element of the offense. Other courts have come to the same conclusion when interpreting a different provision of the sex trafficking statute, which similarly uses the word 'cause' in the future tense." *Id., citing United States v. Garcia-Gonzales*, 714 F.3d 306, 312 (5th Cir. 2013), and *United States v. Brooks*, at 1197 n. 4. "The coercion-to-travel statute contains no word suggesting causation. Therefore, neither statute comes within the analysis of *Burrage*." *Id*. In other words, § 1591 has no causation requirement, making other acts of prostitution irrelevant to the charge.

### C. Exclusion of the Evidence Under Rule 412 Does not Violate the Defendants' Constitutional Right to Confrontation

Furthermore, prohibiting the Defendant from impermissibly referencing the victims' unrelated prostitution activity does not violate the Confrontation Clause. "[T]he Sixth Amendment guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Williams*, 564 F.App'x. at 576 (quoting *United States v. Beale*, 921 F.2d 1412, 1424 (11th Cir. 1991) (emphasis in original). Although "[c]ross examination of a government 'star' witness is important," it nevertheless still "must be relevant" to the charges at issue. *Id.* "The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' *credibility* had counsel pursued the proposed line of cross-examination." *Id.* (emphasis added) (internal quotation marks omitted).

Here, evidence of the victims' sexual history has no bearing on their credibility. *Elbert*, 561 F.3d at 777 ("[U]nchastity of a victim has no relevance whatsoever to [the victim's] credibility

10

as a witness."). As the First Circuit appropriately recognized: "We fail to see how evidence of prostitution outside the offense conduct would have any probative value regarding the truthfulness of the [victims]. Such a position seems to us to embody a particularly offensive form of stereotyping to which we are loath to give credence." *Anderson*, 139 F.3d at 303. Accordingly, questions about a victim's prior and subsequent prostitution is not probative of overall credibility.

## II. Conclusion

The government requests that the Court prohibit Defendant from eliciting 412 evidence from the victims in this case, and to explicitly prohibit the argument that because a victim may have engaged in prostitution prior to, or after, meeting the Defendant and his co-conspirators that the Defendant legally could not cause them to engage in prostitution. Causation is not an element, and FRE 412 prohibits such evidence regardless. The Defendants should be ordered not to argue that because a victim engaged in prostitution on prior occasions, that she could not have been forced or coerced by the Defendants during this time frame. This argument is contrary to the law and common decency. Indeed, if the law stated there is no force or coercion if the victim was a prior prostitute, it would take the teeth out of the sex trafficking statute, and make it inapplicable to most sex trafficking cases. Furthermore, it certainly was never Congress's intent to exclude prostitutes from the protection of the laws against exploitation. And lastly, force, fraud, threats, and coercion are not elements for the two counts of sex trafficking a minor. The United States requests this court limit the evidence regarding prior and subsequent prostitution.

Because this motion has been filed in an abundance of caution after seeing no 412 notice from defense 14 days prior to trial, the United States did not seek Defendant's position.

Respectfully submitted,

FRED. J. FEDERICI
Acting United States Attorney

*Electronically filed 5/24/2021*

LETITIA CARROLL SIMMS
JACK BURKHEAD
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel of record.

*  Filed Electronically  *
LETITIA CARROLL SIMMS
Assistant United States Attorney