IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,   )
             )
             )
    Plaintiff,     )
             )  Cause No. 17-1235 WJ
             )
vs.          )
             )
             )
MATTHEW WOODS,     )
             )
    Defendant.    )

## **UNITED STATES PROPOSED JURY INSTRUCTIONS**

The parties respectfully submit the following jury instructions

  Preliminary Instruction, 10th Circuit Pattern Instruction 1.01 (modified) (unnumbered);

1.  Introduction to final instructions, 10th Circuit Pattern Instruction 1.03 (2011); Defense agrees to give this instruction;

2.  Duty to follow instructions, 10th Circuit Pattern Instruction 1.04 (2011); Defense agrees to give this instruction;

3.  Presumption of innocence, burden of proof, reasonable doubt, 10th Circuit Pattern Instruction 1.05 (2011); Defense agrees to this instruction;

4.  Evidence--excluding what is not evidence, 10th Circuit Crim. Pattern Jury Instructions, No. 1.06 (2011); Defense agrees to this instruction;

5.  Evidence--inferences--direct and circumstantial, 10th Circuit Crim. Pattern Jury Instructions, No. 1.07 (2011); Defense does not agree to this instruction;

6.  Credibility of witnesses, 10th Circuit Crim. Pattern Jury Instructions, No. 1.08 (2011);

Defense agrees to this instruction;

7.     On or about, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.18 (2011);
Defense proposes edits to this instruction;

8.     Caution, consider only crime charged, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.19 (2011);
Defense <u>does not</u> agree to this instruction as written;

9.     Caution, punishment, 10th Circuit Crim. Pattern Jury Instructions § 1.20 (2011);
Defense <u>does not</u> agree to this instruction;

10.     Voluntariness of Statement by Defendant, 10th Cir. Pattern Jury Instructions § 1.25;
Defendant agrees with minor edits;

11.     Similar Acts, 10th Cir. Pattern Jury Instructions § 1.30;
Defense <u>does not</u> agree to this instruction;

12.     Expert witness, 10th Cir. Pattern Jury Instructions § 1.17;
Defense <u>does not</u> agree to this instruction;

13.     Government's Conspiracy Instruction;
Defense <u>does not</u> agree to this instruction as written;

14.     Government's Sex Trafficking by Means of Force, Fraud, or Coercion Instruction, Count 2;
Defense <u>does not</u> agree to this instruction as written;

15.     Government's Sex Trafficking by Means of Force, Fraud, or Coercion Instruction, Count 3;
Defense <u>does not</u> agree to this instruction as written;

16.     Government's Sex Trafficking by Means of Force, Fraud, or Coercion Instruction, Count 4;
Defense <u>does not</u> agree to this instruction as written;

17.     Government's Sex Trafficking of Children Instruction, Count 5;
Defense <u>does not</u> agree to this instruction as written

18.     Government's Sex Trafficking of Children Instruction, Count 6;
Defense <u>does not</u> agree to this instruction as written;

19.     Aid and Abet, 10th Cir. Pattern Jury Instruction § 2.06;
Defense agrees to this instruction;

20.     Conspirator's liability for substantive count, 10th Cir. Pattern Jury Instruction §
        2.21;
        Defense <u>does not</u> agree to this instruction as written;

21.     Government's Attempt to Commit Sex Trafficking by Means of Force, Fraud, or
        Coercion Instruction, Count 7;
        Defense <u>does not</u> agree to this instruction as written;

22.     Government's Obstruction Instruction;
        Defense <u>does not</u> agree to this instruction as written;

23.     Attempt, 10th Cir. Pattern Jury Instruction § 1.32;
        Defense proposes edits to this instruction;

24.     Government Interstate Commerce Instruction;
        Defense agrees to this instruction;

25.     Interstate commerce burden of proof, <u>10th Cir. Pattern Jury Instructions</u> (2013) §
        1.39.1(modified);
        Defense <u>does not</u> agree to this instruction;

26.     Knowingly, 10th Circuit Pattern Jury Instruction § 1.37;
        Defense proposes edits to this instruction;

27.     Unanimity of Theory, 10th Cir. Pattern Jury Instruction § 1.24;
        Defense proposes edits to this instruction;

28.     Duty to deliberate, verdict form, 10th Circuit Crim. Pattern Jury Instructions, No.
        1.23 (2011);
        Defense agrees to this instruction;

29.     Do not discuss case outside deliberations, Judge Vazquez Stock Instruction 16.
        Defense <u>does not</u> agree to this instruction.


                                    Respectfully submitted,

                                    FRED J. FEDERICI
                                    Acting United States Attorney
                                    *Filed Electronically*
                                    LETITIA CARROLL SIMMS
                                    JACK BURKHEAD
                                    Assistant United States Attorneys
                                    Post Office Box 607
                                    Albuquerque, New Mexico  87103
                                    (505) 346-7274

REQUESTED PRELIMINARY JURY INSTRUCTION

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. For now, however, I simply want to explain in general terms how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys Letitia Carroll Simms and Jack Burkhead. The Defendant, Matthew Woods, is represented by his attorneys, Marshall Ray and Carter B. Harrison IV.

An Indictment charges the Defendant, one count of Conspiracy to commit sex trafficking, three counts of Sex Trafficking by Means of Force, Threats, Fraud, and Coercion and Aiding and Abetting, two counts of Sex Trafficking of a Minor and  Aiding and Abetting, one count of Attempted Sex Trafficking by Means of Force, Threats, Fraud, and Coercion, and one count of Obstruction. The Indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilty beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you. Just as the Indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what evidence will be presented. It is a road map to show you what is ahead.

After the government's opening statement, the Defendant's attorney may make an opening statement. [Change this if the Defendant reserves his statement until later or omit if the Defendant has decided not to make an opening statement.]

Evidence then will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents, and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the Defendant's lawyer may [make an opening statement and] present evidence, but he is not required to do so. I remind you that the Defendant is presumed innocent and it is the government that must prove the Defendant's guilt beyond a reasonable doubt. If the Defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusions from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had permitted the witness to answer. If I overrule the objection, treat the answer as you would treat any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it for that limited purpose alone.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench, but some of these conferences may take more time, so I will excuse you from the courtroom. I

will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because such conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate that I have any opinion about the facts in the case; rather, I am only trying to bring out facts that you may consider.  Nothing that I may say or do during the course of the trial is intended to indicate, or should be taken to indicate, what your verdict ought to be.

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, the Defendant is presumed innocent until proven guilty.  As noted above, the Superseding Indictment brought by the government against the Defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The Defendant therefore begins with a clean slate.

Second, the burden of proof is on the government throughout the case.  The Defendant has no burden to prove his innocence, or to present any evidence, or to testify.  Since the Defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering the fact that the Defendant may not have testified.

Third, the government has the burden of proving the Defendant guilty beyond a reasonable doubt.  Bear in mind that in this respect a criminal case is different from a civil case. The law does not require a defendant to prove his innocence or produce any evidence at all.  The

government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Now I will say a few words about your conduct as jurors.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of the courtroom. This means that during the course of the trial, you should not talk with the judge, or with any witness, or with the Defendant, or with any of the lawyers at all. The attorneys, witnesses, and parties in this case are also directed not to speak to the jurors.

In addition, during the course of the trial you, as jurors, should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until you are dismissed.

I know that many of you use smart phones, the internet, and other tools of technology. You must not use any of these tools to communicate electronically with anyone about this case, including family and friends. You may not use any electronic device or media – such as a smart phone or computer, the internet, any text or instant messaging service, or website such as

Facebook or Twitter – to communicate to anyone any information about this case or to conduct any research about this case.  Simply put, do not communicate with anyone about the trial, through any means, until you are dismissed.

Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Only after you retire to deliberate may you begin to discuss the case with your fellow jurors.  However, you cannot discuss the case with anyone else until you have returned a verdict and the case has concluded.

Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information or do any research on your own, or otherwise attempt to find out information from any source outside the confines of this courtroom.  Do not attempt to visit any places mentioned in the case, either in person or on the internet, and do not in any other way try to learn about the case outside the courtroom.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Also, now that the trial has begun you must not hear or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

I expect that each of you will inform me immediately if you become aware of another juror's violation of these instructions.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require that the entire trial process start over.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

If you want to take notes during the course of the trial, you may do so.  However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time.  If you do take notes, be sure that your note-taking does not interfere with your listening to and consideration of all of the evidence.  Also, if you do take notes, do not discuss them with anyone before you begin your deliberations.  Do not take your notes with you at the end of the day; they must be left in the jury room.

If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence.  You cannot give this responsibility to someone who is taking notes.  We depend on the judgment of all members of the jury; each of you must remember the evidence presented in this case.

The court reporter is making stenographic notes of everything that is said in Court.  This is basically to create a record of the case, including in the event of an appeal.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  By contrast, any exhibits admitted by the Court will be made available to you during your deliberations.

After you have heard all of the evidence on both sides, I will instruct you on the rules of law that you are to use in reaching your verdict.  The government and the defense then will each be given time for their final arguments.

With that introduction, Ms. Simms, you may present the opening statement for the government.

<u>10th Cir. Pattern Jury Instructions (2014) ' 1.01 (modified)</u>; This instruction has been supplemented with Judge Vazquez's Stock Preliminary Instruction, which encompasses ' 1.02, alternative B regarding note taking by jurors, and ' 1.05 regarding presumption of innocence, burden of proof, and reasonable doubt.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  1

Members of the Jury:

In any jury trial, there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

10th Cir. Pattern Jury Instructions § 1.03 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. ⎯2⎯

You, as jurors, are the judges of the facts.  But in determining what actually happened−that is, in reaching your decision as to the facts−it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

10th Cir. Pattern Jury Instructions § 1.04. (2011)

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   3

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not  guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concern- ing the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Cir. Pattern Jury Instruction § 1.05 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   4

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Cir. Pattern Jury Instructions  § 1.06 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Pattern Jury Instructions § 1.07 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   6

I remind you that it is your job to decide whether the government has proved the guilt of the Defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the Defendant] who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

[The testimony of the Defendant should be weighed and [his/her] credibility evaluated in the same way as that of any other witness.]

[The Defendant did not testify and I remind you that you cannot consider [his/her] decision not to testify as evidence of guilt.  I want you to clearly understand that the Constitution

of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Cir. Pattern Jury Instruction § 1.08 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __7__

You will note that the indictment charges that the crimes were committed on or about October, 2016, and continuing to on or about May 9, 2017; on or about October, 2016 and continuing to on or about November, 2016, on or about October, 2016 and continuing to on or about January 2017, on or about July, 2016 and continuing to on or about December, 2016, on or about December, 2016 and continuing to on or about April 2017, on or about December, 2016 and continuing to on or about February, 2017, on or about April 26, 2017 and April 27, 2017, and between on or about May 17, 2017, and on or about November 1, 2019.  The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near those dates.

10th Cir. Pattern Jury Instructions § 1.18 (2011)(modified).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  8

You are here to decide whether the government has proved beyond a reasonable doubt that defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether a defendant has been proved guilty of the crime charged.

10th Cir. Pattern Jury Instructions (2011) § 1.19.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  9

If you find the Defendant guilty, it will be my duty to decide what the punishment will

be.  You should not discuss or consider the possible punishment in any way while deciding your

verdict.

10th Cir. Pattern Jury Instructions § 1.20 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  10

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

10th Cir. Pattern Jury Instructions § 1.25 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  11

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

10th Cir. Pattern Jury Instructions § 1.30 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   12

During the trial you heard the testimony of Kimberly Mehlman- Orozco and Special Agent Morgan Langer who expressed opinions concerning common themes in sex trafficking cases.  You also heard from nurse Sherri Cordova who expressed opinions concerning Sex Assault Nurse Examinations.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reason given for the opinion, and other evidence in the trial.

10th Cir. Pattern Jury Instructions § 1.17 (2011)

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   13

The defendant is charged in Count 1 of the Indictment with a violation of 18 U.S.C. §

1594(c).  This law makes it a crime to knowingly and willfully conspire or agree with someone

to do something that, if actually carried out, would result in the crime of sex trafficking of

minors, or by force, fraud or coercion.  A "conspiracy" is an agreement by two or more persons

to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.

Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were

members of the plan, or that those who were members made any kind of formal agreement. The

heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have

to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following

facts are proved beyond a reasonable doubt:

> *First*: that the Defendant agreed with at least one other person to commit sex
> trafficking of minors, or by force, fraud or coercion as described in 18 U.S.C. §
> 1591(a);
>
> *Second*: one of the conspirators engaged in at least one overt act furthering the
> conspiracy's objective;
>
> *Third*: that the Defendant knew the essential objective of the conspiracy;
>
> *Fourth*: that the Defendant knowingly and voluntarily participated; and
>
> *Fifth*: there was interdependence among the members of the conspiracy; that is,
> the members, in some way or manner, intended to act together for their shared
> mutual benefit within the scope of the conspiracy charged.

A person may be a conspirator even without knowing all the details of the

unlawful plan or the names and identities of all of the other alleged conspirators. If the

Defendant played only a minor part in the plan but had a general understanding of the

unlawful purpose of the plan – and joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

Simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

10th Cir. Pattern Jury Instructions § 2.19 (2011) (modified), with reference to jury instructions in *United States v. Weylin O. Rodriguez*, Case 8:12-cr-00136-MSS-AEP, in the Middle District of Florida (Doc. 109).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  14

The defendant is charged in Count 2 of the Indictment with a violation of 18 U.S.C. §

1591(a).  This law criminalizes sex trafficking by force, fraud, or coercion.  To find the

defendant guilty of this crime, you must be convinced that the government has proved each of

the following beyond a reasonable doubt:

> *First*: that the defendant knowingly recruited, enticed, harbored, transported,
> provided, obtained, or maintained by any means M.V.;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of
> the fact that means of force, threats of force, fraud, coercion, or any combination
> of such means, would be used to cause M.V. to engage in a commercial sex act;
> and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign
> commerce.

The term "coercion" means (1) threats of serious harm to or physical restraint

against any person; or (2) any scheme, plan, or pattern intended to cause a person to

believe that failure to perform an act would result in serious harm to or physical restraint

against any person.

"Serious harm" is any harm, whether physical or nonphysical, including psychological,

financial, or reputational harm that is sufficiently serious, under all the surrounding

circumstances, to compel a reasonable person of the same background and in the same

circumstances to perform or to continue performing commercial sexual activity in order to avoid

incurring that harm.

A "commercial sex act" is any sex act, on account of which anything of value is given to

1

or received by any person.

This is the elements instruction written and approved by the Honorable James A. Parker in *United States v. Shane Roach* 15 CR 2732 JAP.  This instruction was subsequently approved by the Honorable Martha Vazquez, and given in *United States v. Jermaine Doss* 16 CR 845 MV.  It tracks the statute as written in 18 U.S.C. § 1591(a).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  15

The defendant is charged in Count 3 of the Indictment with a violation of 18 U.S.C. §

1591(a).  This law criminalizes sex trafficking by force, fraud, or coercion.  To find the

defendant guilty of this crime, you must be convinced that the government has proved each of

the following beyond a reasonable doubt:

> *First*: that the defendant knowingly recruited, enticed, harbored, transported,
> provided, obtained, or maintained by any means T.S.;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of
> the fact that means of force, threats of force, fraud, coercion, or any combination
> of such means, would be used to cause T.S. to engage in a commercial sex act;
> and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign
> commerce.

The term "coercion" means (1) threats of serious harm to or physical restraint

against any person; or (2) any scheme, plan, or pattern intended to cause a person to

believe that failure to perform an act would result in serious harm to or physical restraint

against any person.

"Serious harm" is any harm, whether physical or nonphysical, including psychological,

financial, or reputational harm that is sufficiently serious, under all the surrounding

circumstances, to compel a reasonable person of the same background and in the same

circumstances to perform or to continue performing commercial sexual activity in order to avoid

incurring that harm.

A "commercial sex act" is any sex act, on account of which anything of value is given to

or received by any person.

3

This is the elements instruction written and approved by the Honorable James A. Parker in *United States v. Shane Roach* 15 CR 2732 JAP.  This instruction was subsequently approved by the Honorable Martha Vazquez, and given in *United States v. Jermaine Doss* 16 CR 845 MV.  It tracks the statute as written in 18 U.S.C. § 1591(a).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  16

The defendant is charged in Count 4 of the Indictment with a violation of 18 U.S.C. §

1591(a).  This law criminalizes sex trafficking by force, fraud, or coercion.  To find the

defendant guilty of this crime, you must be convinced that the government has proved each of

the following beyond a reasonable doubt:

> *First*: that the defendant knowingly recruited, enticed, harbored, transported,
> provided, obtained, or maintained by any means T.K.;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of
> the fact that means of force, threats of force, fraud, coercion, or any combination
> of such means, would be used to cause T.K. to engage in a commercial sex act;
> and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign
> commerce.

The term "coercion" means (1) threats of serious harm to or physical restraint

against any person; or (2) any scheme, plan, or pattern intended to cause a person to

believe that failure to perform an act would result in serious harm to or physical restraint

against any person.

"Serious harm" is any harm, whether physical or nonphysical, including psychological,

financial, or reputational harm that is sufficiently serious, under all the surrounding

circumstances, to compel a reasonable person of the same background and in the same

circumstances to perform or to continue performing commercial sexual activity in order to avoid

incurring that harm.

A "commercial sex act" is any sex act, on account of which anything of value is given to

or received by any person.

5

This is the elements instruction written and approved by the Honorable James A. Parker, and used in *United States v. Shane Roach* 15 CR 2732 JAP.  This instruction was subsequently approved by the Honorable Martha Vazquez, and used in *United States v. Jermaine Doss* 16 CR 845 MV.  It tracks the statute as written in 18 U.S.C. § 1591(a)

GOVERNMENTS REQUESTED JURY INSTRUCTION NO: _17_

The defendant is charged in Count 5 in the Indictment with a violation of 18 U.S.C. §

1591(a).  This law criminalizes sex trafficking of a minor.  To find the defendant guilty of this

crime, you must be convinced that the government has proved each of the following beyond a

reasonable doubt:

> *First*: that the defendant knowingly recruited, enticed, harbored, transported,
> provided, obtained, or maintained by any means Juvenile J;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of
> the fact, or after the defendant had a reasonable opportunity to observe this
> person, that this person had not attained the age of 18 and would be caused to
> engage in a commercial sex act; and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign
> commerce.

The government does not need to prove that the defendant knew the person had

not attained the age of 18 years at the time he attempted to recruit, entice, obtain,

patronize, or solicit, as long as the government proves beyond a reasonable doubt that the

defendant had a reasonable opportunity to observe this person.

A "commercial sex act" is any sex act, on account of which anything of value is given to

or received by any person.

This is a modified version of the elements instruction written and approved by Honorable James
A. Parker in *United States v. Roach* 15-cr-2732 JAP and also used in *United States v. Jermaine
Doss* 16 CR 845 MV.  This instruction has been modified to provide additional instruction
regarding the second element of the offense as it relates to a minor victim.

The second paragraph is adapted from the <u>Fifth Circuit Pattern Jury Instruction</u> 2.68, at 341
(2015).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO:  18

The defendant is charged in Count 6 in the Indictment with a violation of 18 U.S.C. §

1591(a).  This law criminalizes sex trafficking of a minor.  To find the defendant guilty of this

crime, you must be convinced that the government has proved each of the following beyond a

reasonable doubt:

> *First*: that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Juvenile M;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of the fact, or after the defendant had a reasonable opportunity to observe this person, that this person had not attained the age of 18 and would be caused to engage in a commercial sex act; and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign commerce.

The government does not need to prove that the defendant knew the person had

not attained the age of 18 years at the time he attempted to recruit, entice, obtain,

patronize, or solicit, as long as the government proves beyond a reasonable doubt that the

defendant had a reasonable opportunity to observe this person.

A "commercial sex act" is any sex act, on account of which anything of value is given to

or received by any person.

This is a modified version of the elements instruction written and approved by Honorable James
A. Parker in *United States v. Roach* 15-cr-2732 JAP and also used in *United States v. Jermaine
Doss* 16 CR 845 MV.  This instruction has been modified to provide additional instruction
regarding the second element of the offense as it relates to a minor victim.

The second paragraph is adapted from the <u>Fifth Circuit Pattern Jury Instruction</u> 2.68, at 341
(2015).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  19

Counts 2 through 6 of the indictment also charge a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

10th Cir. Pattern Instruction 2.06 (2011)

9

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _20_

If you find the defendant guilty of the conspiracy charged in Count 1 and you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy another coconspirator committed the offenses in any of the counts 2 through 6, and the offenses in counts 2 through 6 were committed to achieve an objective of or was a foreseeable consequence of that conspiracy, then you may find the defendant guilty of counts 2 through 6, even though the defendant may not have participated in any of the acts which constitute the offenses described in counts 2 through 6.

10th Cir. Pattern Instruction 2.21 (2011)

10

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO:  21

The defendant is charged in Count 7 of the Indictment with a violation of 18 U.S.C. §

1591(a)(b) and 1594(a).  This law criminalizes attempted sex trafficking by force, threats, fraud,

or coercion.  To find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

> *First*: that the defendant knowingly attempted to recruit, entice, obtain, patronize, or solicit by any means, A.R.;
>
> *Second*: that the defendant committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause A.R. to engage in a commercial sex act; and
>
> *Third*: that the defendant's acts were in or affected interstate or foreign commerce.

The term "coercion" means (1) threats of serious harm to or physical restraint

against any person; or (2) any scheme, plan, or pattern intended to cause a person to

believe that failure to perform an act would result in serious harm to or physical restraint

against any person.

"Serious harm" is any harm, whether physical or nonphysical, including psychological,

financial, or reputational harm that is sufficiently serious, under all the surrounding

circumstances, to compel a reasonable person of the same background and in the same

circumstances to perform or to continue performing commercial sexual activity in order to avoid

incurring that harm.

A "commercial sex act" is any sex act, on account of which anything of value is

given to or received by any person.

11

This is a modified version of the elements instruction written and approved by Honorable James A. Parker in *United States v. Roach* 15-cr-2732 JAP.  This instruction has been modified to address the attempt.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO:  22

The defendant is charged in Count 8 of the Indictment with a violation of 18 U.S.C. § 1591(d).  This law criminalizes the obstruction or attempted obstruction the enforcement of the federal sex trafficking laws.  To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That the Defendant knowingly and intentionally;

*Second*: Obstructed, attempted to obstruct, or otherwise attempted to interfere or prevent;

*Third*: The enforcement of 18 U.S.C. § 1591(a).

With respect to the first element, the defendant must act knowingly and with intent to obstruct, attempt to obstruct, or otherwise attempt to interfere or prevent the enforcement of 18 U.S.C. § 1591(a).  An act is done knowingly if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

With respect to the second element, it will be satisfied if you find beyond a reasonable doubt that the defendant obstructed or attempted to obstruct the enforcement of Section 1591(a); or if you find beyond a reasonable doubt that the defendant interfered with the enforcement of Section 1591(a); or if you find beyond a reasonable doubt that the defendant prevented the enforcement of Section 1591(a).

With respect to the third element, the enforcement of Section 1591(a) includes the investigation or prosecution of an alleged violation of Section 1591(a).

13

See United States v. McQueen, 727 F.3d 1144, 1152 (11th Cir. 2013) (finding that the language of 18 U.S.C. § 1519, prohibiting the destruction, mutilation, or concealment of documents "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States" does not require proof that the defendant "know that any possible investigation is federal in nature"); United States v. Gray, 692 F.3d 514, 519 (6th Cir. 2012) (same); United States v. Moyer, 674 F.3d 192, 208 (3d Cir. 2012) (same);  United States v. Kernell, 667 F.3d 746, 752-756 (6th Cir. 2012) (same); United States v. Gray, 642 F.3d 371, 378 (2d Cir. 2011) (same).  See also, United States v. Gilchrist, 658 F.3d 1197, 1205-1206 (9th Cir. 2011) (applying Section 3C1.1 of the United States Sentencing Guidelines, relevant when the defendant willfully obstructed or impeded or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction, even though the defendant did not know of the pending federal investigation at the time of the prohibited conduct); United States v. Wayerski, 624 F.3d 1342, 1352 (11th Cir. 2010) ("[T]here is no requirement [under Section 3C1.1] that a defendant be under arrest or know he is being investigated at the time he commits obstructive acts.").

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO: _23_

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime.  However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation.  A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime.  The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal.  It should demonstrate commitment to the crime charged.

Tenth Circuit Pattern Jury Instruction 1.32

15

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   24

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication. Foreign commerce means commerce between any part of the United States (including its territorial waters) and any other country (including its territorial waters).

The defendant's actions were "in" interstate or foreign commerce if they involved the crossing of a state or national line. The defendant's actions "affected" interstate or foreign commerce if they had at least a minimal connection to interstate or foreign commerce. In determining whether the defendant's conduct was in or affected interstate or foreign commerce, you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

If you decide that there was any effect at all on interstate or foreign commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate or foreign commerce.


10th Circuit Pattern Instruction 1.39 and 1.39.1 (modified); This instruction was approved by Honorable James A. Parker, and used in *United States v. Shane Roach* 15 CR 2732 JAP.  This instruction was subsequently approved by the Honorable Martha Vazquez, and used in *United States v. Jermaine Doss* 16 CR 845 MV.  This instruction informs the jury as to methods by which the interstate commerce nexus can proven at trial.

16

GOVERNMENT'S REQUESTED JURY INSTRUCTON NO.  <u>25</u>

If you decide that there was any effect at all on [interstate] [foreign] commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect [interstate] [foreign] commerce.

<u>Tenth Circuit Pattern Instruction 1.39.1.</u>

17

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   26

An act is done "knowingly" when it was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

A person "recklessly disregards" a fact when he is aware of, but consciously or carelessly ignores facts and circumstances that would reveal that fact.

Tenth Circuit Pattern Instruction 1.37 (modified).  This "reckless disregard" portion of the instruction was approved by Honorable James A. Parker in *United States v. Shane Roach* 15 CR 2732 JAP.

18

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  27

Your verdict must be unanimous. The indictment accuses the defendant of committing the following acts as to each count: that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained M.V., T.S., K.T., Juvenile J, and Juvenile M.  And in the case of A.R., that he attempted to do so.

The government does not have to prove all of these different acts for you to return a guilty verdict as to any single count.

But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed and that he committed at least one of the acts listed for each count in the indictment.

10th Circuit Pattern Instruction, 1.24.  (modified) A similar the unanimity instruction was approved by Honorable James A. Parker in *United States v. Shane Roach* 15 CR 2732 JAP.  The Defendant objects to this instruction as redundant with the Court's other instructions.

19

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  28

In a moment our court security officer will escort you to the jury room.  You have each been given a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, first you should select a foreperson who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous as to each count of the Superseding Indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the Defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.  The foreperson will write the unanimous answer of the jury in the space provided for each count of the Superseding Indictment, either not guilty or guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the courtroom to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

10th Cir. Pattern Jury Instruction § 1.23 (2011).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   29

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. You may not use any electronic device or media – such as a smart phone or computer, the internet, any text or instant messaging service, or website such as Facebook or Twitter – to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Judge Vazquez Stock Instruction 16; Judicial Conference Committee on Court Administration and Case Management, Proposed Model Jury Instruction (June 2012 ) (modified).

22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  17-1235 WJ |
| | ) | |
| MATTHEW WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

# **V E R D I C T**

**WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of conspiracy to commit sex trafficking
(*Guilty* or *Not Guilty*)

as charged in Count 1 of the Indictment.

**WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of sex trafficking of M.V. by means of force, threats, fraud, or coercion
(*Guilty* or *Not Guilty*)

as charged in Count 2 of the Indictment.

**WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of sex trafficking of T.S. by means of force, threats, fraud, or coercion
(*Guilty* or *Not Guilty*)

as charged in Count 3 of the Indictment.

**WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of sex trafficking of K.T. by means of force, threats, fraud, or coercion
(*Guilty* or *Not Guilty*)

as charged in Count 4 of the Indictment.

      **WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of sex trafficking a child, Juvenile J.,
(*Guilty* or *Not Guilty*)

as charged in Count 5 of the Indictment.

      **WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of sex trafficking a child, Juvenile M,.
(*Guilty* or *Not Guilty*)

as charged in Count 6 of the Indictment.

      **WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of attempt to commit sex trafficking of A.R. by means of force, threats,
fraud, or coercion
(*Guilty* or *Not Guilty*)

as charged in Count 7 of the Indictment.

      **WE, THE JURY**, find the defendant, **MATTHEW WOODS**

,_____, of obstructing the enforcement of the Federal sex trafficking statute
(*Guilty* or *Not Guilty*)

as charged in Count 8 of the Indictment.


           DATED THIS ____ DAY OF AUGUST, 2020.


                            _____

                            FOREPERSON


                            Respectfully submitted,

                            JOHN C. ANDERSON

24

United States Attorney

*Electronically filed July 8, 2020*

LETITIA CARROLL SIMMS
JACK BURKHEAD
Assistant United States Attorney
P.O. Box 607
Albuquerque, N. M. 87103
(505) 505-346-7274

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to opposing counsel of record.

*Filed Electronically*

LETITIA CARROLL SIMMS
Assistant United States Attorney